IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ASSOCIATES LLC and MJW/RAC, LP,<br><br>    Petitioners,<br><br>  v.<br><br>EDWARD MACKAY and DORIAN MACKAY,<br><br>    Respondents.<br>_____/ | No. C 09-4184 CW<br><br>ORDER DENYING RESPONDENTS' MOTIONS TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD AND TO REMAND PETITION TO CORRECT OR TO ABSTAIN (Docket No. 9; Case No. 09-4736, Docket No. 5) |

    Respondents Edward Mackay and Dorian Mackay move to dismiss for lack of subject matter jurisdiction the petition, filed by Shannon Associates LLC and MJW/RAC, LP, to confirm an arbitration award.  In addition, Respondents move the Court to remand to San Francisco Superior Court their petition to correct the arbitration award or, in the alternative, to abstain.  Petitioners oppose the motions.  The motion was taken under submission on the papers. Having considered all the papers submitted by the parties, the Court DENIES Respondents' Motion to Dismiss (Docket No. 9) and Motion to Remand (Case No. 09-4736, Docket No. 5).

BACKGROUND

    Respondents, California residents, were removed from their positions as general partners of Hollister Investment Group I

because, according to Petitioners, they breached their fiduciary duty to the partnership.  Petitioner Shannon Associates, an Oregon limited liability company, took Respondents' place as general partner.  Shannon and Petitioner MJW/RAC, an Oregon limited partnership, sought to purchase Respondents' partnership interest in Hollister.  The controlling partnership agreement defined the purchase price as the fair market value less any damages suffered by the partnership as a result of the material breach of Respondents' partnership obligations.  Because the parties were unable to agree on a purchase price, the dispute went to arbitration, as required by the partnership agreement.

A three-member arbitration panel found that the fair market value of Respondents' interest was $267,000, which was offset by $260,000 for the damages caused by Respondents' breach.  Thus, the resulting purchase price was $7,000.  The panel also required Respondents to pay Petitioners $50,676.98, which was seventy-five percent of the arbitration's cost.

On September 10, 2009, Petitioners filed a petition to confirm the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 10.  The same day, Respondents filed a petition in San Francisco County Superior Court to correct the arbitration award.  Respondents sought to correct the award by "striking the offset for damages" and requested that the award be confirmed as corrected.  Respondents' Request for Judicial Notice (RJN),[1] Ex. A at 3.  In the petition, Respondents indicate that the amount in

---

[1] The Court grants Respondents' Request for Judicial Notice. The documents of which Respondents seek judicial notice contain facts that are not subject to reasonable dispute.  Fed. R. Evid. 201.

2

dispute is $260,000. RJN, Ex. A at 2. Petitioners removed that petition to this Court. The Court then consolidated it with Shannon and MJW/RAC's petition.

LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

DISCUSSION

Petitioners assert that both petitions are subject to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Respondents do not dispute diversity of citizenship, but instead argue that the amount in controversy does not meet the $75,000 jurisdictional amount. Id. § 1332(a).

In Theis Research, Inc. v. Brown & Bain, the Ninth Circuit held that the measure of the amount of controversy in arbitration

3

1  award cases is "the amount at stake in the underlying litigation,
2  not the amount of the arbitration award."  400 F.3d 659, 662 (9th
3  Cir. 2005).  In that case, the plaintiff contemporaneously filed in
4  federal court a motion to vacate an arbitration award of zero
5  dollars and a complaint seeking damages in excess of $200 million.
6  Id. at 661.  Subsequently, the defendant moved to confirm the
7  arbitration award.  Id. at 662.  The court granted the defendant's
8  motion to confirm and, thereafter, granted summary judgment in
9  favor of the defendant on all of the plaintiff's claims.  Id.  On
10 appeal, the plaintiff argued, citing the arbitration award, that
11 the district court lacked diversity jurisdiction over the action
12 because the amount in controversy requirement was not met.  The
13 court of appeals disagreed and held that district court had
14 jurisdiction because the complaint's request for damages was the
15 appropriate measure for the jurisdictional amount.  In reaching its
16 conclusion, the court found support in decisions by other circuits
17 where parties "seeking to vacate an arbitration award also sought
18 to reopen the arbitration."  Id. at 664.  In those cases, the
19 courts measured the jurisdictional amount based on the amount at
20 stake in the underlying litigation, not the arbitration award.
21 See, e.g., Sirotsky v. New York Stock Exch., 347 F.3d 985, 989 (7th
22 Cir. 2003) ("[T]he amount in controversy in a suit challenging an
23 arbitration award includes the matter at stake in the arbitration,
24 provided the plaintiff is seeking to reopen the arbitration.").
25 The court acknowledged that Theis did not seek to reopen the
26 arbitration hearing, but viewed Theis' complaint to seek the
27 functionally same result.  "Theis sought to obtain by its district
28 court complaint substantially what it had sought to obtain in the

**United States District Court**
For the Northern District of California

4

arbitration." Id. at 665.

The Theis court noted that its decision comported with cases that used the arbitration award to measure the amount in controversy. It explained that, in these cases, the plaintiffs "simply sought to vacate" arbitration awards. Id. at 665 (discussing Ford v. Hamilton Investments, Inc., 29 F.3d 255 (6th Cir. 1994)). Because there were no other claims before those courts, the amount in controversy was the arbitration award.

Here, Shannon and MJW/RAC's petition to confirm the $7,000 arbitration award does not satisfy the requisite amount for diversity jurisdiction. However, by asking a court to strike the $260,000 offset for damages, Respondents' petition to correct seeks relief far in excess of the $75,000 required under § 1332(a). As noted above, Respondents admit in their petition that the disputed amount is $260,000. Based on its jurisdiction over Respondents' Petition to Correct, the Court properly asserts supplemental jurisdiction over Petitioners' Petition to Confirm.[2]

Respondents argue that they have not asked to reopen the arbitration but merely seek a correction that would strike the arbitration panel's damages offset. Thus, Respondents assert, Theis requires the Court to look only to the $7,000 arbitration award. This argument is disingenuous. Respondents' correction request would restore $260,000 to the arbitration award in their favor. As in Theis, although Respondents do not explicitly seek to reopen arbitration proceedings, the relief they request would give

---

[2] Shannon and MJW/RAC's petition to confirm now constitutes a counterclaim to Respondents' petition, which was properly removed to this Court.

them what they sought at the arbitration hearing. And unlike the cases in which the arbitration award constituted the amount in controversy, Respondents are not simply seeking a vacatur of the $7,000 arbitration award.

Goodman v. CIBC Oppenheimer & Co., 131 F. Supp. 2d 1180 (C.D. Cal. 2001), which was decided before Theis, does not support Respondents' position. There, the court dismissed a petitioner's petition to vacate an arbitration award of $74,030.75 for lack of subject matter jurisdiction. Id. at 1184. The court held that the amount in controversy in the petition to vacate (i.e., the arbitration award), not the initial demand in the underlying arbitration, was the appropriate measure for the purposes of diversity jurisdiction. Id. Here, the Court relies on the disputed amount in Respondents' Petition to Correct. Even under Goodman, the jurisdictional amount is met.

Thus, the amount at stake in Respondents' correction petition, not the arbitration award amount, constitutes the amount in controversy. The Court therefore has diversity jurisdiction over Respondents' Petition to Correct the Contractual Arbitration Award. The Court finds no reason to abstain from deciding this action. Pursuant to 28 U.S.C. § 1367, the Court exercises supplemental jurisdiction over Shannon and MJW/RAC's Petition to Confirm.

## CONCLUSION

For the foregoing reasons, the Court DENIES Respondents' Motion to Dismiss (Case No. 09-4184, Docket No. 9) and their Motion to Remand or to Abstain (Case No. 09-4736, Docket No. 5). Respondents' request for attorneys' fees is DENIED. The case management conference scheduled for December 22, 2009 at 2:00 p.m.

is vacated.  Instead, Petitioners shall file a motion to confirm the arbitration award on January 5, 2010.  Respondents shall file, in a single brief of no more than twenty-five pages, an opposition to this motion and a cross-motion to correct the arbitration award on February 2, 2010.  Petitioners may file a fifteen-page reply to the motion and opposition to the cross-motion on February 16, 2010.  Respondents may file a fifteen-page reply to the cross motion on March 2, 2010.  The matter will be decided on the papers.

IT IS SO ORDERED.

Dated: December 8, 2009

_____
CLAUDIA WILKEN
United States District Judge