LAWRENCE E. SKIDMORE, CSB #137587
ARONOWITZ, & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Telephone: (530) 823-9736
Fax: (530) 823-5241
Email: asilaw@asilaw.org

Attorneys for Respondents Edward Mackay
and Dorian Mackay

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANNON ASSOCIATES, LLC, an Oregon limited liability company, and MJW/RAC, LP, an Oregon limited partnership, | CASE NO. CV 09 4184 CW |
| Petitioners, | **RESPONDENTS' OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD, AND CROSS-MOTION TO CORRECT ARBITRATION AWARD** |
| v. | |
| EDWARD MACKAY, a California resident, and DORIAN MACKAY, a California resident, | Judge: Hon. Claudia Wilken |
| Respondents. _____/ | |

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

# TABLE OF CONTENTS

INTRODUCTION...........................................................................................................1

FACTUAL BACKGROUND ......................................................................................1

ARGUMENT ..................................................................................................................5

I.  PETITIONERS' MOTION TO CONFIRM ARBITRATION AWARD MUST BE DENIED. .................................................................................................................5

A.  The FAA Does Not Pre-empt California's Code of Civil Procedure Section 1288 .......6

B.  California Law Applies Because Jurisdiction for this Case is Based Upon Diversity.. 9

C.  Basic Contract Principles Support the Mackay's Contention that State Law, Not Federal Law, Applies. ..........................................................................................9

D.  CAA Law Should Apply Because the Underlying Purpose of the FAA to Promote and Safeguard Arbitration is Mirrored and Protected by the CAA Law At Issue.....................10

E.  The CAA's Time Limit to File a Motion to Correct an Award is in Keeping with the FAA's Concern that Arbitration Procedures be "Streamlined".............................................12

F.  Respondents Timely Filed their Motion to Correct under State law...........................13

G.  Petitioners Are Foreclosed from Asserting the FAA Applies ....................................13

1.  Petitioners Conceded that California State Law Applies to the Partnership Agreement's Arbitration Procedures...........................................................................13

2.  Petitioners failed to raise their FAA argument during five years of prior proceedings, and do so now to the Mackays' prejudice.........................................................................15

H.  Any Attempt by Petitioners to Make New Arguments in their Reply Brief Must be Disregarded by the Court..............................................................................................16

II.  RESPONDENTS' CROSS-MOTION TO CORRECT ARBITRATION AWARD SHOULD BE GRANTED. ..............................................................................16

A.  The Court May Correct The Award And Confirm The Award As Corrected ..........16

B.  The Arbitrators' Exceeded Their Powers When They Heard And Rendered A

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

i

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

**Decision On The Amount Necessary To Offset Damages Suffered By The Partnership..... 17**

**1.    Arbitrators have No Authority to Determine Matters Outside the Scope of the Parties' Agreement to Arbitrate. ............................................................................................... 17**

**2.    The Arbitrators Had No Authority to Determine the Amount Necessary to Offset Damages Suffered by the Partnership ............................................................. 19**

**C.    The Court is not bound by the Arbitrators' Determination they had Jurisdiction to Determine the Amount of Offset. ................................................................ 19**

**CONCLUSION ................................................................................................. 22**

**ARONOWITZ & SKIDMORE, INC.**
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

ii

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

**Federal Cases**

*AT & T Technologies, Inc. v. Communications Workers of America* 475 U.S. 643 (1986) ......... 19

*Continental Ins. Co v. Metro-Goldwyn-Mayer, Inc.*, 107 F.3d 1344 (9th Cir. 1997)...................... 9

*Davis v. Metro Prods., Inc.*, 885 F.2d 515, 519 (9th Cir. 1989)...................................................... 9

*EEOC v. Waffle House*, 534 U.S. 279 (2002) ............................................................................... 11

*First Options of Chicago v. Kaplan*, 514 U.S. 938 (1995) .................................................... 11, 21

*Greenwood v. FAA*, 28 F.3d 971 (9th Cir. 1994)........................................................................ 18

Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52(1995) ........................................ 8, 9

*Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.* 44 F3d 826 (9th Cir. 1995)............................. 20

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ...................... 13

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).................... 13

*Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304 (9th Cir. 1992).......................................... 9

*Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007) ......................... 7

*Valrose Maui, Inc. v. Maclyn Morris, Inc.*, 105 F.Supp.2d 1118 (D. Haw. 2000).................. 8, 10

**California Cases**

*Allstate Ins. Co. v. Superior Court* 142 Cal. App. 4th 356 (2006) ................................................ 18

*Cable Connection, Inc. v. Directtv, Inc*, 44 Cal.4th 1334 (2008) ......................................... 12, 16

*Dream Theater, Inc. v. Dream Theater* 124 Cal.App.4th 547 (2004) ........................................ 23

*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* 35 Cal. 3d 312 (1983) ................................................................................................................................................ 19

*Ernst v. Searle*, 218 Cal. 233 (1933)........................................................................................... 16

*Gilbert Street Developers, LLC v. La Quinta Homes, LLC*, 174 Cal. App. 4th 1185 (2009). 22, 24

*National Union Fire Ins. Co. v. Stites Professional Law Corp*, 235 Cal. App. 3d 1718 (1991) .. 21

*Parker v. Twentieth Century Fox* 118 Cal. App. 3d 895 (1981)............................................ 20, 21

*Rodriguez v. American Technologies, Inc.* 136 Cal.App.4th 1110 (2006) .................................. 23

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

iii

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

*Victoria v. Superior Court* 40 Cal. 3d. 734 (1985) ......................................................... 19

*Wheeler v. St. Joseph Hospital* 63 Cal. App.3d 345 (1976) ............................................. 19

**Federal Statutes**

9 U.S.C. § 11 ................................................................................................................... 11

9 U.S.C. § 12 ..................................................................................................................... 8

9 U.S.C. § 9 ........................................................................................................... 5, 11, 12

9 U.S.C. §§ 1 - 14 ............................................................................................................. 4

**California Statutes**

Civil Code Section 1636 .................................................................................................. 10

Code of Civil Procedure § 12a ........................................................................................ 14

Code of Civil Procedure Section 1286 ....................................................................... 5, 11

Code of Civil Procedure Section 1286.6 .............................................................. 11, 12, 18

Code of Civil Procedure Section 1288 ...................................................................... 6, 8, 13

Code of Civil Procedure Sections 1285 ........................................................................... 11

**Other Authorities**

*An Unnecessary Choice of Law: Volt, Mastrobuono and Federal Arbitration Act Preemption,*
(2002) 115 Harv. L. Rev. 2250, 2259-2260 ............................................................... 9

Knight et al., *Cal. Pract. Guide: Alternative Dispute Resolution*, (The Rutter Group 2008) §5:78
.................................................................................................................................. 19

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

iv

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

## INTRODUCTION

Pursuant to the Court's Order dated December 8, 2009, Respondents Edward and Dorian Mackay, ("the Mackays") hereby submit their single brief opposing Petitioners' Shannon Associates, LLC and MJW/RAC LP ("Petitioners") Motion to Confirm Arbitration Award and asserting Respondents' own Cross-Motion to Correct the Arbitration Award. Respondents' petition to correct the arbitration award made on June 2, 2009 to strike that portion of the award that exceeded the arbitrators' power. The arbitrators exceeded their powers when they erroneously determined they had jurisdiction to consider Petitioners' claim for damages against Respondents and rendered an award against Respondents. The award can be corrected without affecting the merits of the decision on the controversy submitted by striking from the award the decision on the claim for damages and confirming the award as corrected.

## FACTUAL BACKGROUND

This case involves a dispute over determining the value of the Mackays' partnership interest in the Hollister Investment Group I limited partnership (the "Partnership"). The Partnership was formed in 1982. It owns and operates a multi-family affordable housing project located in Hollister, California. Respondents Edward Mackay and Dorian Mackay are partners in the Partnership with Petitioners Shannon Associates, LLC ("Shannon") and MJW/RAC Associates ("MJW/RAC"). The Mackays were the general partners of the Partnership until February 2003. They were removed as general partners then and Shannon replaced them in that capacity. MJW/RAC is a limited partner of the partnership. The written partnership agreement between the parties specifies that upon being removed, a general partner becomes a special limited partner. See Attachment 4(a) [Amended and Restated Agreement of Limited Partnership of Hollister Investment Group I], pp. 25 – 26, ¶ 8.01(b) to Exhibit A to the accompanying Request For Judicial Notice ("RFJN"). When the Mackays were removed as general partners, they then became special limited partners. See accompanying Declaration of Lawrence E. Skidmore in Support of Respondents' Opposition To Motion To Confirm Arbitration Award, And Cross-Motion To Correct Arbitration Award ("Skidmore Decl.") ¶ 5 - 6.

The Partnership Agreement mandates that the special limited partner hold its interest out for

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
1
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

**ARONOWITZ & SKIDMORE, INC.**
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

purchase by the new general partner or the limited partner.  The general partner or limited partner has the option to purchase that interest at an agreed upon price or at the fair market value as determined by a panel of MAI appraisers.  The Partnership Agreement, in paragraph 8.01(c), specifies:

> The Limited Partners, pro rata, or any successor General Partner proposed by them, shall have the option, but not the obligation, to acquire the interest in the Partnership of any General Partner so removed upon payment of the agreed or fair market value of such interest; provided that in such event the Limited Partners or any successor General Partner proposed by them shall deduct from such fair market value the amount necessary to offset the amount of any damages suffered by the Partnership as a result of any material breach of the obligations of such General Partner hereunder. Any dispute **as to the value of the interest of any removed General Partner** shall be submitted to a committee composed of three (3) MAI appraisers, one chosen by the General Partner being removed, one chosen by a majority in interest of the Limited Partners or by the successor General Partner, as the case may be, and the third chosen by the two so chosen. The proceedings of such committee shall conform to the rules of the American Arbitration Association, as far as appropriate, and its decision shall be promptly rendered and shall be final and binding upon the parties hereto and any successor General Partner in a court of competent jurisdiction.

RFJN, Exh. A, Attachment 4(a), p. 26, ¶ 8.01(c). Underlining and bold typeface added for emphasis.

The dispute between the parties has a history dating back to 2004.  Shortly after, MJW/RAC removed the Mackays as general partners, MJW/RAC and Shannon made a demand for arbitration with the American Arbitration Association pursuant to paragraph 8.01(c), above.  The Mackays responded with a lawsuit against MJW/RAC, Shannon and its individual members, John Wight and John Daczewitz in the Superior Court of California, County of San Benito to enjoin the arbitration pending a determination whether the Mackays were lawfully removed.  MJW/RAC, Shannon and Mssrs. Wight and Daczewitz defended themselves in that lawsuit without contesting jurisdiction. The case proceeded to trial and resulted in a decision finding the Mackays had been properly removed.  Skidmore Decl. ¶ 8, RFJN, Exh. E.

On June 6, 2008, Petitioners made another demand for arbitration under the partnership agreement.  In their demand, Petitioners sought not only to value the Mackays' partnership interest but also for the panel of appraisers to determine the amount of damages they claimed the Mackays' caused the Partnership that should be offset against the fair market value of their interest. Respondents contend the determination of damages the Mackays caused the Partnership is outside the scope of the arbitration clause of the partnership agreement. Skidmore Declaration, ¶ 9, Exh. 1.

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
2
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

Among the first issues disputed in that arbitration was the locale for the hearing. On July 2, 2008, Petitioners counsel sent a letter to the American Arbitration Association detailing a list of important factors for determining where the arbitration should be conducted. Skidmore Declaration, ¶ 10, Exh 2. Petitioners' counsel, David Markowitz, frames the discussion as being about the arbitration clause of the agreement, Section 8.01. He states, "the contract provision at issue, Section 8.01 of the Partnership Agreement, does not specify where arbitration regarding the value and damages related to a removed general partners' interest must occur." (See letter at Item Number 5.) However, he acknowledges the following:

"**6. Laws applicable to the contract**
According to Section 2.37 and 14.06 of the Partnership Agreement, the laws of the State of California govern its validity, construction and interpretation…

**7. Place of previous court actions**
As previously noted, the case of <u>Edward Mackay and Dorian Mackay v. Shannon Associates, LLC, et al</u>, Case No. CU-04-00174, was heard in California Superior Court in San Benito County…

**9.      Any other reasonable arguments that might affect the locale determination**
Because Section 8.01 of the Partnership Agreement does not include a location requirement, claimants requested a location convenient for them and determination of the issue of the value of the removed general partners' interests. California law, which governs the Partnership Agreement, supports the proposition that a plaintiff's forum selection should be disturbed only rarely when factors are heavily weighted toward the defendant. See <u>Stangvik v. Shiley Inc.</u>, 54 Cal. 3d 744, 754 (1991); <u>Morris v. Afga Corp.</u>, 144 Cal.App.4th 1452, 1465 (2006); <u>Ford Motor Co. v. Ins. Co. of N. Am.</u>, 35 Cal.App.4th 604, 610-611 (1995)…"

Skidmore Decl., ¶ 10, Exh. 2

Pursuant to paragraph 8.01(c), a panel of 3 MAI appraisers was assembled, Mssrs. Monte J. Short, P. Barton DeLacy and Jonathon H. Avery. On December 10, 2008, the panel conducted the first scheduling conference to discuss the proceedings. Respondents' counsel, Lawrence E. Skidmore, notified the panel that Respondents objected to the arbitrability of Respondents' claims for damages. The panel refused to consider that objection and instead directed Mr. Skidmore to discuss the concerns with Petitioners' counsel. They further ordered that if Respondents intended to submit any counter-claim against Petitioners, that the counter-claim be submitted by December 24, 2008. Skidmore Decl., ¶ 11 Exh. 3.

On December 16, 2008, Mr. Skidmore wrote to Petitioners' counsel, David Markowitz and Stacy

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
3
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile (530)823-5241

Owens, to reiterate the objection he had raised in the scheduling conference to the arbitrability of Petitioners' damage claims. Respondents' objected that claims for damages were outside the scope of the arbitration clause of the partnership agreement. The arbitration clause limited the scope of the arbitration to the valuation of the Mackays' partnership interest. Respondents further objected that several elements of the damage claim lacked any legal basis. Skidmore Decl., ¶ 12, Exh. 4.

On December 24, 2008, Respondents' submitted their objection to the arbitration of Petitioners' damage claim to the arbitrators. Skidmore, Decl., ¶ 13, Exh. 5. On January 12, 2009, Petitioners through their counsel, Mr. Markowitz, submitted their written arguments opposing Respondents' objections to jurisdiction. Notably, though Peitioners now contend that the arbitration of this dispute is governed by the Federal Arbitration Act, in opposing Respondents' objections to jurisdiction, Petitioners relied entirely and exclusively on California law with respect to the jurisdiction of the arbitrators and the arbitrators' authority to determine their own jurisdiction Skidmore Decl., ¶ 14, Exh. 6

Though the panel had expressed an unwillingness to consider that objection, on February 10, 2009, they set a hearing on Respondents' objection for March 24, 2009. Skidmore Declaration, ¶ 15, Exh. 7. Following that hearing, on March 25, 2009, the panel overruled Respondents' objection and ruled without any explanation they had jurisdiction to determine Petitioners' damage claim. Skidmore Declaration, ¶ 16, Exh. 8.

The arbitration hearing commenced in San Francisco, California on May 5, 2009 and concluded on May 7, 2009. The panel received evidence of Petitioners' claim for damages. On June 2, 2009, the panel made their award which was delivered to the parties electronically on June 4, 2009. The award was in four parts. In the first part, the arbitrators rendered a decision that the fair market value of Respondents' interest in the Partnership is $267,000.00. In the second part, the arbitrators rendered a decision that the amount necessary to offset the damages to the Partnership is $260,000.00. In the third part, the arbitrators determined that the Respondents had to reimburse Petitioners $50,676.98 for their share of the arbitration expenses. And, in the fourth part, the arbitrators determined that interest would apply to the award at the rate of 10% per annum. Skidmore Declaration, ¶ 17; See also RFJN, Exhibit A, Petition to Correct Arbitration Award, Attachment 8

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
4
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

On September 10, 2009, and within 100 days from the date the award was delivered, Respondents filed a Petition to Correct Arbitration Award in the Superior Court of California, County of San Francisco, Case Number CPF 09 509805, seeking to correct the award by striking the damage offset which they contend exceeded the arbitrators' power, and confirm the award as corrected. Skidmore Decl, ¶ 18, Exh. 9; See RJFN, Exhibit A, Petition to Correct Arbitration Award. In addition to mailing the petition and supporting papers via certified mail, return receipt requested to Petitioners in accordance with Code of Civil Procedure Section 1290.4, the Respondents' petition and supporting papers were personally served on Mr. Daczewitz for Petitioners on September 14, 2009. RJFN, Exhibits E and F.

That same day, September 10, Petitioners filed in federal court (Northern District of California, San Francisco Division) a Petition to Confirm Arbitration Award, case number CV 09 4184 CW, requesting that the arbitrators' award be confirmed pursuant to the Federal Arbitration Act. At no time during the prior five (5) years of arbitration and court proceedings did Petitioners ever raise any argument that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 - 14. applies. The first time they raised the FAA was in this Petition to Confirm. Skidmore Decl., ¶¶19 - 20

## ARGUMENT

## I. PETITIONERS' MOTION TO CONFIRM ARBITRATION AWARD MUST BE DENIED.

Petitioners' Motion to Confirm is based solely on the argument that the FAA applies to the parties' Partnership Agreement, and that therefore the FAA's three (3) month time limit to bring a motion to correct an award has elapsed, necessitating confirmation of the award. Petitioners' reasoning is flawed for a number of reasons, as more fully set forth below. Whether pursuant to Section 9 of the FAA, (9 U. S. C. § 9) or California Code of Civil Procedure Section 1286, a petition to confirm an award must be denied where the award has been vacated, modified or corrected. Section 9 of the FAA provides in that respect:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

5

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile (530)823-5241

may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order <u>unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.</u>

Code of Civil Procedure Section 1286 provides:

If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made, whether rendered in this state or another state, <u>unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding.</u>

Respondents have validly petitioned first the San Francisco County Superior Court and, now upon removal of that petition, this Court to correct the award and confirm the award as corrected. For the reasons stated in support of Respondents' cross-motion to correct the award and confirm the award as corrected, Respondents' cross-motion must be granted and Petitioners' Motion must be denied.

## A. The FAA Does Not Pre-empt California's Code of Civil Procedure Section 1288

The sum and substance of Petitioners' motion to confirm the arbitration award is that Respondents are precluded from arguing any grounds to correct the award. While Respondents do not dispute that the Partnership Agreement falls under the auspices of Section 2 of the FAA regarding commercial contracts, Respondents, however, do dispute Petitioners' contention that the FAA pre-empts California law and, in particular, the time within which to petition to correct an arbitration award under California's Code of Civil Procedure Section 1288.

The pre-emptive aspects of the FAA are limited. The relevant law regarding the limited scope of the FAA preemption of state law was clearly summarized by the United States Supreme Court in the case of *Volt Info. Sciences Inc. v. Bd of Trustees of Leland Standford Junior Univ.* 489 U. S. 468 (1989). Chief Justice William Rehnquest stated:

The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration [citation omitted]. But even when Congress has not completely displaced state regulation in an area, state law may nonetheless be pre-empted to the extent that it actually conflicts with federal law--that is, to the extent that it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

Id at p. 477. (citing *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). In *McArdle v. AT&T Mobility LLC et al*, 2009 U.S. Dist. LEXIS 89231 at 19-20, Judge Wilken lays out the standard for "conflict pre-emption." Conflict pre-emption exists if "compliance with both federal and state law is impossible, or where state law stands as an obstacle to the accomplishment and execution of the full

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

6

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

purposes and objectives of Congress." *Id.* However, mere "tension between federal and state law is not enough to establish conflict pre-emption." *Id.* Rather, conflict pre-emption will exist "only in those situations where conflicts will necessarily arise." *Id.*, quoting *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 988 (9th Cir. 2007).

In *Volt Info. Sciences, Inc., supra,* the Supreme Court held that even though the FAA applied to a dispute, the FAA did not pre-empt California law on arbitration procedural rules when the parties had agreed to arbitrate in accordance with California law under a general choice of law clause. *Id.* at 476-78. The court insisted that "there is no federal policy favoring arbitration under a certain set of procedural rules." *Id.* at 476. In fact, "the California arbitration rules which the parties have incorporated into their contract generally foster the federal policy favoring arbitration." *Id.*

The *Volt* court acknowledged some decisions have held that the FAA pre-empts state laws which required a judicial forum for resolution of claims the parties had agreed to resolve by arbitration,

"[B]ut it does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. Indeed, such a result would be quite inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms. Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as the may limit by contract the issue which they will arbitrate…so too may they specify by contract the rules under which that arbitration will be conducted. Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward. By permitting the courts to 'rigorously enforce' such agreements according to their terms…we give effect to the contractual rights and expectations of the parties, without doing violence to the policies behind the FAA."

Just as California law was applied in *Volt*, California law governing motions to confirm and correct the arbitration award applies here. The parties agreed to be bound by California law, and enforcing the rules of arbitration under California law according to the partnership Agreement's terms is fully consistent with the goals of the FAA.

Here, compliance with both federal and state law is not impossible, and the state law does not stand as an obstacle to the accomplishment and execution of the objectives of Congress. Only 10 days separate the limitation period of Code of Civil Procedure Section 1288 from the limitation period of the FAA Section 12 (9 U.S.C. § 12). The 100 day California limitations period is

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
7
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile (530)823-5241

sufficiently short to permit a quick and final resolution of the arbitration process. Therefore, the only type of pre-emption that may apply, conflict pre-emption, is inapplicable.

Petitioners make much ado about *Sovak M.D. et al v. Chugai Pharmaceutical Co. et al*, 280 F.3d 1266 (9th Cir. 2002). That case is inapposite. It dealt with the issue of whether federal or state law governs the right to compel arbitration. Arbitration in Respondents' case has already been completed. The issue before this court, unaddressed by *Sovak*, is what law applies to Petitioners' Motion to Confirm the award and Respondents' Petition/Motion to Correct the award. (See *Valrose Maui, Inc. v. Maclyn Morris, Inc.*, 105 F.Supp.2d 1118, 1122, n. 6 (D. Haw. 2000) stating case asserted by Petitioner inapposite as it dealt with arbitrability of a dispute, not with what law governs confirmation of an arbitration award, and likening case to issues addressed in *Volt*.)

Moreover, the finding by the court in *Sovak* was predictable. In that case, Sovak claimed that Cook waived its right to compel arbitration under the FAA. In other words, the case dealt with the arbitrability of a dispute, and the court protected the right to arbitrate in keeping with the underlying purpose of the FAA. The key in *Sovak* was not that there was a generic choice of law clause in the agreement, but that the interpretation of such a clause must be in keeping with promoting arbitration.

The same distinction can be made to resolve seemingly conflicting holdings when there is a choice of law clause within an agreement to arbitrate, as in *Volt*, *Mastrobuono*[1] and *Preston*[2], three Supreme Court cases. *Volt* held that a general choice of law clause should be interpreted using state law and the CAA applied to the agreement; *Mastrobuono* and *Preston* used federal law and the FAA applied to the agreement. Thus, seemingly conflicting holdings as to choice of law clauses and whether to apply state or federal law are resolved when one looks to whether the state law would directly impede the underlying purpose of the FAA to promote arbitration. See Note, *An Unnecessary Choice of Law: Volt, Mastrobuono and Federal Arbitration Act Preemption,* (2002) 115 Harv. L. Rev. 2250, 2259-2260. When the state law is in keeping with the underlying purpose of the FAA, as in *Volt*, and as is the case here, the FAA does not pre-empt state law. It is only when the state law directly impedes promoting arbitration, as in *Mastrobuono* and *Preston*, that the FAA

---

1  Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52(1995).
2  Preston v. Ferrer, 552 U.S. 346, 352(2008) .

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
8
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

pre-empts. *Id.; Cronus Investments, Inc. v. Colman,* 35 Cal. 4th 376, 393 (2005)(holding CAA applied).

**B. California Law Applies Because Jurisdiction for this Case is Based Upon Diversity.**

A second distinct basis exists for the court to deny Petitioners' Motion without having to reach the merits. The Ninth Circuit has consistently held that when jurisdiction for a case is based upon diversity, the court must apply state substantive law. *Continental Ins. Co v. Metro-Goldwyn-Mayer, Inc.,* 107 F.3d 1344, 1346 (9th Cir. 1997) ("In a diversity case we apply state substantive law"); *Nevada Power Co. v. Monsanto Co.,* 955 F.2d 1304, 1306 (9th Cir. 1992)("This matter was before the district court under its diversity jurisdiction, and hence state substantive law applies"); *Davis v. Metro Prods., Inc.,* 885 F.2d 515, 519 (9th Cir. 1989)("Sitting in diversity, we, like the district court, are obliged to follow the applicable state substantive law").

At least one district court within the Ninth Circuit has applied this jurisdictional jurisprudence directly to the issue presently before the court: whether the FAA or state law should apply to confirming an arbitration award. In *Valrose Maui, Inc. v. Maclyn Morris, Inc.,* 105 F.Supp.2d 1118, 1122-1123 (D. Haw. 2000), the court initially (as here) denied motions to remand and dismiss "because this court has diversity jurisdiction and is not persuaded that it should abstain or defer to a state court under the circumstances." *Id.* at 1119. The *Valrose* court then had before it one motion to confirm the arbitration award, and another to have the award vacated. *Id.* In denying the motion to confirm and granting the motion to vacate, the court relied on the fact that diversity jurisdiction compelled the court to apply state substantive law. The court then applied Hawaii's Arbitration Act instead of the FAA. *Id.* at 1122-1123. The court vacated the award under state law based on the arbitrators' failure to disclose a conflict of interest. Id. at 1123,1125.

Here, Petitioners removed the case to federal court under diversity jurisdiction. See Petitioners' Notice of Removal of Action to Federal Court Pursuant to 28 U.S.C. Section 1441 (Diversity); Court's Order Denying Respondents' Motions to Dismiss Petition to Confirm Arbitration Award and to Remand Petition to Correct at 3:22, 6:18. Since the court is sitting in diversity, it must apply state substantive law. The CAA applies. The motion to confirm must be denied.

**C. Basic Contract Principles Support the Mackay's Contention that State Law, Not**

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

9

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

**Federal Law, Applies**.

Even if the Court finds that Petitioners' FAA argument is not foreclosed, or that diversity jurisdiction does not necessitate an application of state law, basic contract principles support Respondents' assertion that the CAA governs the rules for moving to correct the award.

It is a basic contract principle that the intent of the parties governs any interpretation of their agreement. California's Civil Code Section 1636. The FAA should not divest the parties of their underlying intent. *Volt Info. Sciences, Inc. v. Bd. Of Trustees of Leland Stanford Junior Univ*., supra, 489 U.S.at p. 476 (insisting that the FAA's policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate); *First Options of Chicago v. Kaplan*, 514 U.S. 938, 946 (1995) (the FAA's objective is to ensure that commercial arbitration agreements, like other contracts, are enforced according to their terms and according to the intentions of the parties); *EEOC v. Waffle House*, 534 U.S. 279, 294 (2002) (insisting "we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract" whatever policy consideration may arise). The interpretation of private contracts "is ordinarily a question of state law." *Volt,* supra, 489 U.S. at 474. When a choice of law clause is unambiguous, it governs the interpretation of the arbitration agreement. *EEOC*, 534 U.S. at 294.

The Partnership Agreement clearly expresses the parties' intent to be governed by California law. Under Section 14.06 (and 2.37), the laws of the state of California "govern the validity, construction and interpretation of this Agreement." The choice of law clause is unambiguous. Thus, it governs the court's interpretation of the arbitration clause and the CAA applies. The FAA should not be improperly used to divest the parties of their intent.

D. **CAA Law Should Apply Because the Underlying Purpose of the FAA to Promote and Safeguard Arbitration is Mirrored and Protected by the CAA Law At Issue**.

The court must determine whether the confirmation or modification of the arbitration award is governed by the CAA, Code of Civil Procedure Sections 1285, 1286, and 1286.6(b), on the one hand, or by the FAA, 9 U.S.C. Sections 9 and 11, on the other.

Under California's Code of Civil Procedure Section 1285 states "any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile (530)823-5241

Section 1286 provides "the court shall confirm the award as made…unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." Under Section 1286.6(b), the court shall correct an award if it determines that "the arbitrators exceeded their power but the award may be corrected without affecting the merits of the decision upon the controversy submitted."

Under the United States Code, 9 U.S.C. Section 9 provides that "any party to the arbitration may apply to the court…for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title…" Section 11(b) provides that the court may make an order modifying or correcting the award "where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted."

Thus, the CAA and FAA are essentially identical in their provisions regarding the confirmation or the correction of an arbitration award. The analysis of the court would not be any different if the FAA or the CAA were applied. Under these circumstances, courts have held that state law controls, because it is not in conflict with federal law, and to the contrary supports the underlying purpose of the FAA to promote arbitration. See *Valrose Maui, Inc. v. Maclyn Morris, Inc.*, supra, 105 F.Supp.2d at 1122-1123 (noting similarity between FAA and Hawaiian Arbitration Act provisions at issue as supporting holding Hawaii state law applied to confirmation/vacation of arbitration award).

In a California Supreme Court case, *Cable Connection, Inc. v. Directtv, Inc*, 44 Cal.4[th] 1334 (2008) the court was confronted with whether 9 U.S.C. Sections 9 and 11 regarding confirmation of arbitration awards pre-empted California's state law allowing parties to contract for an expanded scope of judicial review. The Court held the FAA did not pre-empt state law. In that case, the court reasoned that California's Code of Civil Procedure Section 1286.6 and 9 U.S.C. Sections 9 and 11 were virtually identical. The court insisted that the CAA's enforcement of private arbitration agreements is similar to the FAA in most important respects, and that both the CAA and FAA "provide only limited grounds for judicial review of an arbitration award". *Id.* at 1343-1344.

The only appreciable difference between the CAA and FAA relevant here is the time for service of the motion to correct an award. It is this difference that Petitioners seek to exploit. Under

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
11
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

California's Code of Civil Procedure Section 1288, "a petition to…correct an award shall be served and filed *not later than 100 days* after the date of the service of a signed copy of the award on the petitioner." (Emphasis added.) Under 9 U.S.C. Section 12, a notice of motion to…correct an award must be served upon the adverse party or his attorney *within three months* after the award is filed or delivered." (Emphasis added.)

If the FAA Sections 9 and 11 are deemed applicable law, then, and only then, does Section 12 kick in regarding timing. That should not happen here. Since CAA Sections 1285 and 1286 must be deemed applicable law, as further discussed below, then Section 1288 governs, and under that provision the Mackays' motion to correct the award was timely filed.

### E. The CAA's Time Limit to File a Motion to Correct an Award is in Keeping with the FAA's Concern that Arbitration Procedures be "Streamlined".

Courts are concerned whether state law is in contravention of Congress' intent "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). A prime objective of an agreement to arbitrate is to achieve "streamlined proceedings and expeditious results." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633 (1985).

Here, the difference between the CAA and FAA time limit to file a motion to correct an arbitration award is approximately ten (10) days. The objective of achieving "streamlined" proceedings and "expeditious" results is fully met by the CAA rule. The arbitration has already been completed. The only remaining issue is the validity of the award. Ten extra days to file a motion to correct an arbitration award is not in contravention of the goals of the FAA. Such a conclusion defies logic.

Nevertheless, Petitioners assert that the FAA applies in order to exploit the FAA's timing "short-cut." If Petitioners are successful in this assertion, it would set a dangerous precedent and eviscerate a state law carefully drafted to be commensurate with the FAA. The fact it is not identical to the number should not be its demise when the spirit of the California rule is the same as the federal law. A party to an arbitration has a right to be able to seek to correct the award; if the FAA's limit applies here then that right of the Mackays will be violated. Is this the result intended by the FAA?

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
12
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

Petitioners invoke their FAA theory not in order to preserve their right to arbitrate, but as a sword to cut down Petitioners' right to petition to have the award corrected. Congress did not intend the FAA to cut down rights to have an arbitration award reviewed. If that were the case, there would not be any rules for bringing a motion to correct an award, only those to confirm the award.

### F.  Respondents Timely Filed their Motion to Correct under State law

The Mackays, operating under the Partnership Agreement's clear choice of law provision, and according to the parties' shared understanding that California law governed arbitration procedures, timely filed their motion to correct the arbitration award in state court. The Mackays filed and served their motion on September 10, 2009, within California's 100 day limit. which did not expire until September 14, 2009, the next business day following the end of the period when the period ends on a Saturday, Sunday or legal holiday. Federal Rule of Civil Procedure Rule 6(a)(1)(c); California Code of Civil Procedure § 12a. (Petitioners do not contend that the Mackays failed to timely file under state law.) Petitioners expressly base their Motion to Confirm on the purported tardiness of the Mackays' motion. Petitioners' Motion to Confirm at 5. Therefore, Petitioners' Motion to Confirm should be denied.

### G.  Petitioners Are Foreclosed from Asserting the FAA Applies

Respondents contend that Petitioners are foreclosed from asserting the FAA applies, and that their Motion to Confirm should be denied on that basis alone. The court need not reach the merits of Petitioners' pre-emption argument.

#### 1.  <u>Petitioners Conceded that California State Law Applies to the Partnership Agreement's Arbitration Procedures.</u>

Petitioners now argue that federal law trumps California law as to the procedural rules for enforcement of the arbitration award made under the parties' Partnership Agreement. Their argument is disingenuous, since Petitioners have previously conceded that California law, not federal law, applies to the arbitration procedures under the Partnership Agreement.

In a letter to the American Arbitration Association dated July 2, 2008, Petitioners' counsel details a list of important factors for determining where the arbitration should be conducted. A true and correct copy of Petitioners' letter to the AAA is attached hereto as Exhibit __ and incorporated

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
13
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

herein by reference. Petitioners' Counsel frames the discussion as being about the arbitration clause of the agreement, Section 8.01. States counsel, "the contract provision at issue, Section 8.01 of the Partnership Agreement, does not specify where arbitration regarding the value and damages related to a removed general partners' interest must occur." (See letter at Item Number 5.)  In the letter Petitioners' counsel expressly acknowledges the following:

> "**6. Laws applicable to the contract**
> According to Section 2.37 and 14.06 of the Partnership Agreement, the laws of the State of California govern its validity, construction and interpretation…
>
> **7. Place of previous court actions**
> As previously noted, the case of <u>Edward Mackay and Dorian Mackay v. Shannon Associates, LLC, et al</u>, Case No. CU-04-00174, was heard in California Superior Court in San Benito County…
>
> 8.  **Any other reasonable arguments that might affect the locale determination**
> Because Section 8.01 of the Partnership Agreement does not include a location requirement, claimants requested a location convenient for them and determination of the issue of the value of the removed general partners' interests.  California law, which governs the Partnership Agreement, supports the proposition that a plaintiff's forum selection should be disturbed only rarely when factors are heavily weighted toward the defendant.  See <u>Stangvik v. Shiley Inc.</u>, 54 Cal. 3d 744, 754 (1991); <u>Morris v. Afga Corp.</u>, 144 Cal.App.4th 1452, 1465 (2006); <u>Ford Motor Co. v. Ins. Co. of N. Am.</u>, 35 Cal.App.4th 604, 610-611 (1995)…"

Thus, Petitioners through its counsel have previously acknowledged that due to the agreement's clear choice of California law clause (Section 14.06), state law governs the Partnership Agreement's arbitration clause (Section 8.01).  Petitioners conceded  state law should be used to fill in the gaps of that arbitration provision when it does not directly address the arbitration procedure at issue. (The gap previously was that the arbitration clause did not directly address the issue of deciding the locale of the arbitration hearing; the gap now, arguably, is that the arbitration clause does not directly address whether CAA or FAA rules apply for bringing a motion to correct the award.) Petitioners availed  themselves of state law to argue for their desired location for the arbitration.  Petitioners further acknowledged that one of the factors to consider was that they had participated in an underlying trial (about whether the Mackays were properly removed as partners) in California Superior Court.

Thus, counsel's letter clearly demonstrates that Petitioners proceeded to arbitration on the

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
14
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

1  understanding then that state law was controlling as provided by the agreement's choice of law

2  clause, and that state law should be used to fill in gaps in the arbitration clause's procedures.

3  Petitioners present argument that federal law controls is thus in direct contravention of its

4  previous written arguments.

5  **2.  <u>Petitioners failed to raise their FAA argument during five years of prior</u>**

6  **<u>proceedings, and do so now to the Mackays' prejudice.</u>**

7  In *Cable Connection, Inc. v. Directtv, Inc*.supra, 44 Cal. 4th 1334, the California Supreme Court

8  held that Plaintiff cable dealers waived their FAA theory they had asserted as to proceedings for

9  judicial review of an arbitration award by failing to raise the FAA theory earlier.  Id. At p. 1350,

10  n.12.  The court noted that both parties previously had "proceeded on the theory that the CAA was

11  controlling." *Id.*  In fact, the court insisted that "the rule is well settled that the theory upon which a

12  case is tried must be adhered to on appeal.  A party is not permitted to change his position and adopt

13  a new and different theory on appeal.  To permit him to do so would not only be unfair to the trial

14  court, but manifestly unjust to the opposing litigant." *Id*., citing *Ernst v. Searle*, 218 Cal. 233, 240-

15  241 (1933).  Federal courts have also considered whether a party was foreclosed from arguing that

16  the FAA applies.  In *Sovak M.D. et al v. Chugai Pharmaceutical Co. et al*, supra, 280 F.3d 1266 for

17  example, the court found that a party was not foreclosed from arguing the FAA applied because in

18  prior proceedings it had expressly raised and gone into extensive written detail about its FAA

19  argument.  Id at 1270

20  It would be manifestly unfair to the Mackays to allow Petitioners to conveniently switch their

21  tune as to the law controlling after the case has proceeded for years under the parties' shared

22  understanding that state law controlled arbitration procedures in their agreement.  Petitioners

23  originally sought arbitration in California, then participated in a state trial, availed themselves of

24  California law, expressly acknowledged California law controlled the Partnership Agreement,

25  acknowledged the Partnership Agreement's choice of law clause applied to the arbitration clause,

26  relied upon California law regarding arbitrability and arbitrator jurisdiction, participated in an

27  arbitration in San Francisco, availed themselves of more California law, and at no time during all of

28  these proceedings over the course of five years did they raise that the FAA applied.  The first time

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
15
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530) 823-9736
Facsimile (530) 823-5241

1  the FAA argument was raised was in Petitioners' present motion to confirm filed in federal court. In

2  keeping with the parties' shared understanding that state law controlled, the Mackays filed their

3  motion to correct the arbitration award in state court. Out of the blue, because it suits their ends to

4  invoke the FAA's shorter 3 month time limit instead of the CAA's 100 day time limit to file a

5  motion to correct an arbitration award, Petitioners have fled to federal court and seek to invoke the

6  FAA. It is too late. Petitioners waived their FAA argument. Petitioners are foreclosed from arguing

7  the FAA applies because Petitioners failed to raise it at all, let alone in any written detail, in five

8  years of prior proceedings. Any other conclusion prejudices the Mackays. Because Petitioners are

9  foreclosed from asserting their FAA argument, the Court should deny their Motion to Confirm on

10  that basis alone.

11  **H.  Any Attempt by Petitioners to Make New Arguments in their Reply Brief Must**

12  **be Disregarded by the Court**.

13  Respondents anticipate that Petitioners may attempt to bring up new arguments in support of

14  their Motion to Confirm in their Reply brief. However, any new arguments should not be

15  considered by the court. As the Ninth Circuit has held, the court must review "only issues which

16  are argued specifically and distinctly in a party's opening brief." *Greenwood v. FAA*, 28 F.3d

17  971, 977 (9th Cir. 1994).

18  **II.  RESPONDENTS' CROSS-MOTION TO CORRECT ARBITRATION AWARD**

19  **SHOULD BE GRANTED**.

20  **A.  The Court May Correct The Award And Confirm The Award As Corrected**

21  This Court may correct the arbitration award under the authority of Code of Civil Procedure

22  Section 1286.6 which provides:

23  Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section
24  1286.2, shall correct the award and confirm it as corrected if the court determines that:

25  (a)  There was an evident miscalculation of figures or an evident mistake in the
26  description of any person, thing or property referred to in the award;

27  (b)  The arbitrators exceeded their powers but the award may be corrected
without affecting the merits of the decision upon the controversy submitted; or

28  (c)  The award is imperfect in a matter of form, not affecting the merits of the

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
16
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

controversy.

Here, Respondents petitioned the Superior Court in San Francisco to correct the award under Section 1286.6(b) on the basis that the arbitrators exceeded their powers. The award can be corrected by striking from that award that portion stating "The amount necessary to offset the damages suffered by the Partnership is TWO HUNDRED SIXTY THOUSAND DOLLARS ($260,000.00)". Where an award includes matters that exceed the powers of the arbitrators, the surplusage may be deleted and the award confirmed as corrected. (See *Allstate Ins. Co. v. Superior Court* 142 Cal. App. 4th 356, 363 (2006), the parties' agreement provided that the arbitrator's award would be issued without a written opinion. The arbitrator exceeded his powers by stating the reasons for the award. But the award could be corrected by striking the surplusage so that the award would state only the amount due.)

The FAA also authorizes the Court to modify or correct an arbitration award. Section 11 of the FAA provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –
>
> a. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> b. Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

9 U. S. C.§ 11

**B. The Arbitrators' Exceeded Their Powers When They Heard And Rendered A Decision On The Amount Necessary To Offset Damages Suffered By The Partnership**

1. **Arbitrators have No Authority to Determine Matters Outside the Scope of the Parties' Agreement to Arbitrate.**

Where parties have agreed to submit disputes to arbitration, their agreement specifies and defines the limits of arbitration. A party can only be compelled to arbitration where they have agreed to arbitrate the particular controversy. Knight et al., *Cal. Pract. Guide: Alternative Dispute Resolution*, (The Rutter Group 2008) §5:78. "(A)rbitration is a matter of contract and a party cannot be required

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

17

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America* 475 U.S. 643, 648 (1986); California substantive law is in accord. see *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* 35 Cal. 3d 312, 323 (1983), "The scope of arbitration is a matter of agreement between the parties". Not even the public policy favoring arbitration can overcome the necessity for an agreement to arbitrate the particular dispute. *Victoria v. Superior Court* 40 Cal. 3d. 734, 738 – 739 (1985); *Wheeler v. St. Joseph Hospital* 63 Cal. App.3d 345, 356 (1976). A decision on issues not submitted to the arbitrator exceeds their power. *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.* 44 F3d 826, 830 (9th Cir. 1995).

The particular clause that vests the panel with jurisdiction in this case is similar to that contract between the parties in the case of *Parker v. Twentieth Century Fox* 118 Cal. App. 3d 895 (1981). In that case, Fess Parker, Arcola Pictures Corporation (Arcola) and Twentieth Century-Fox Film Corporation entered into a joint venture agreement to produce, distribute and otherwise make use of the Daniel Boone television series. Their agreement included a clause that provided:

> In case any controversy shall arise between the parties hereto as to any action by Fox with respect to the receipts and proceeds from the distribution of the series or the expenses pertaining thereto, the questions in controversy shall be submitted for determination to certified public accountants. . . .

Id at p. 899. Subsequently, Parker and Arcola sued Fox claiming among other things that Fox had violated usury laws, had committed fraud and breached their contract. Fox responded to the lawsuit with a motion to the Court to compel Parker and Arcola to arbitrate the claims of their lawsuit pursuant to the dispute clause of their joint venture agreement. The trial court denied Fox's motion and refused to compel arbitration of those claims. According to the decision from the Court of Appeal, in responding to that motion, the trial court was required to determine whether the paragraph requiring a CPA to settle controversies connected with receipts and disbursements, was a contractual agreement to arbitrate, and if so, its scope and application to issues raised by the complaint. Id at p. 901. In so doing, the trial court found that the scope of the dispute clause was "far too narrow to encompass the issues" of the Parker/Arcola lawsuit. The Court of Appeal upheld that ruling because the controversies subject to arbitration are restricted to receipts and proceeds and expenses

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc

18

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

ARONOWITZ & SKIDMORE, INC.
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile (530)823-5241

pertaining to distribution of the series. Id at p. 903.

As in the *Parker* case, supra, the agreement between the parties limited the controversy subject to arbitration to the valuation of Respondents' partnership interest. The arbitrators exceeded their powers when they determined an amount necessary to offset for damages suffered by the partnership and made that determination part of their award.

**2. The Arbitrators Had No Authority to Determine the Amount Necessary to Offset Damages Suffered by the Partnership**

The scope of arbitration in this matter was very narrow. The limiting scope of the arbitration agreement is that part which states:

> … Any dispute **as to the value** of the interest of any removed General Partner shall be submitted to a committee composed of three (3) MAI appraisers, one chosen by the General Partner being removed, one chosen by a majority in interest of the Limited Partners or by the successor General Partner, as the case may be, and the third chosen by the two so chosen. …

See RJFN, Exh. A, Attachment 4(a) to the accompanying Petition to Correct Contractual Arbitration Award, p. 26, ¶8.01 (c). By its plain language, the arbitration clause is limited to disputes "as to the value" of the removed general partners' interest and nothing more. Supporting that intent of the parties is the requirement that the committee composed to determine that value be three MAI appraisers. MAI appraisers are appraisers who are Members of the Appraisal Institute, experts in valuation. They are not legal experts, have little or no training in the law, and would not be expected to make legal determinations of damages resulting from legal theories.

**C. The Court is not bound by the Arbitrators' Determination they had Jurisdiction to Determine the Amount of Offset.**

The arbitrators' determination they had jurisdiction to consider that issue is not binding on the Court. Unless the parties clearly and unmistakably provide otherwise, the question whether they agreed to arbitrate the particular dispute is to be decided by the court, not the arbitrator. *First Options of Chicago, Inc. v. Kaplan*, supra, 514 US at 944; *National Union Fire Ins. Co. v. Stites Professional Law Corp.*, 235 Cal. App. 3d 1718, 1724 (1991) See also, *Parker v. Twentieth Century Fox,* supra 118 Cal. App. 3d 895, 901.

The parties did not "clearly and unmistakably" provide for the arbitrators arbitrate the issue of

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
19
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

**ARONOWITZ & SKIDMORE, INC.**
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile (530)823-5241

the offset.  There is nothing in the arbitration clause that vests the panel with such authority.  Nor do the current rules of the American Arbitration Association ("AAA") bind this Court to find the parties agreed to empower the arbitrators to determine the arbitrability of the issue.  The agreement that is the subject of this matter was made in 1982.  The parties' agreement does not specify that the AAA rules in effect more than 25 years later will govern the dispute.  In fact, they are silent with respect to which rules of AAA would govern this dispute.  There is certainly no clear and unmistakable agreement between the parties to give the arbitrators to decide the scope of arbitration.

In fact, the circumstances of the agreement in this case are very similar to those in *Gilbert Street Developers, LLC v. La Quinta Homes, LLC*, 174 Cal. App. 4th 1185 (2009).  In the <u>Gilbert</u> case, the parties had an agreement that provided in pertinent part:

> "Any controversy or dispute arising out of or relating to this agreement or the breach thereof (exclusive of matters which are expressly within the discretion of the Members) shall be settled by binding arbitration. Such arbitration shall be effected by arbitrators selected as hereinafter provided and shall be conducted in accordance with the Rules of the American Arbitration Association existing at the date thereof…

Id at p. 1187.  As the Court in that case notes, until September 2000, AAA rules had no rule providing that arbitrators had jurisdiction to rule on their own jurisdiction.  Rule R-8(a) providing that arbitrators could rule on their own jurisdiction was not adopted until September 2000.  Id at p. 1187 – 1188.  After a dispute arose between the parties over the sale of property they acquired to develop, one of the parties invoked the arbitration clause to resolve the dispute over the other party's objection to the jurisdiction of the arbitrator to determine their own jurisdiction.  The trial court denied the petition to confirm the resulting arbitration award on the basis that

> AAA rules were "silent" back in 1998 on the question of whether arbitrators could decide their own jurisdiction, in August 2008 the trial court held that "the possibility of a change in the Rules is not sufficient to show a clear and unmistakable intent by the parties that the arbitrator would decide issues of arbitrability at the time the agreement was entered."

Id at p. 1189.  The Court of Appeal affirmed the trial court's decision.  The Court examined the "clear and unmistakeable" rule and its history and whether an agreement to be bound by a certain body of rules is sufficient to show the parties' "clearly and unmistakably agreed" that arbitrators would decide their own jurisdiction. Id at p. 1192 - 1193.  The Court distinguishing two California

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
20

Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

**ARONOWITZ & SKIDMORE, INC.**
200 Auburn Folsom Road, Suite 305
Auburn, California 95603
Phone (530)823-9736
Facsimile(530)823-5241

1   cases which answered that question affirmatively, *Dream Theater, Inc. v. Dream Theater* 124

2   Cal.App.4th 547 (2004) and *Rodriguez v. American Technologies, Inc.* 136 Cal.App.4th 1110 (2006)

3   on the basis that the courts in those cases operated on the premise the AAA rule providing for

4   arbitrators to decide their own jurisdiction actually existed at the time the contract was signed.  Id at

5   p. 1193.  The court declined to extend the reasoning of those cases to other cases where the rule

6   conferring jurisdiction on the arbitrators to determine jurisdiction did not exist at the time of the

7   agreement.  As the Court explained:

8       At least in those cases, [Dream Theater and Rodriguez], the parties could go *look up*
        the AAA rules to which they were agreeing beforehand, and see that, yes, they were
9       conferring on arbitrators the power to decide if a dispute was arbitrable in the first
        place. To go beyond the incorporation of an *existent* rule and allow for the
10      incorporation of a rule that might not even come into existence in the future,
        however, contravenes the clear and unmistakable rule. We decline to take the next
11      step beyond *Dream Theater* and *Rodriquez.*

12      Incorporating the *possibility* of a *future* rule by reference simply doesn't even meet
        the basic requirements for a valid incorporation by reference under simple state
13      contract law.

14      Most basically, what is being incorporated must *actually exist at the time of the
        incorporation*, so the parties can know exactly what they are incorporating. (See
15      *Estate of Plumel* (1907) 151 Cal. 77, 80 [90 P. 192] ["in order to make out a case for
        the  application of the doctrine of incorporation by reference, the paper referred to
16      must not only be in existence at the time of the execution of the attested or properly
        executed paper, but that it must be referred to in the latter as an existent paper, so as
17      to be capable of identification"].)

18      Put another way, to have a valid incorporation by reference, the terms of the
        document being incorporated must be "known or easily available" to the contracting
19      parties. (*Troyk v. Farmers Group, Inc*. (2009) 171 Cal.App.4th 1305, 1331 [90 Cal.
        Rptr. 3d 589] ["For the terms of another document to be incorporated into the
20      document executed by the parties the reference must be clear and unequivocal, the
        reference must be called to the attention of the other party and he must consent
21      thereto, and the terms of the incorporated document must be known or easily
        available to the contracting parties."].)
22
        "Prediction," said Niels Bohr, "is very difficult, especially about the future." A rule
23      that does not exist at the time of incorporation by reference fails the elementary test
        of being known or easily available at the time of incorporation. To allude to that old
24      medieval con game from which we get the expression "pig  in a poke"—where an
        unsuspecting buyer would buy what he or she thought was a pig in a bag only to later
25      discover that it was an inedible cat or rat—in both *Dream Theater* and *Rodriquez*
        there was at least *something* in the bag that the parties could look at. Here, by
26      contrast, the bag was empty at the time of the transaction and *might* or might *not*, be
        later filled with a pig. Or a cat or rat or, for that matter, nothing.
27

28  Id at p. 1193 – 1194

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
21
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW

The parties here stand in the same relation here to the AAA rules as the parties in the <u>Gilbert</u> case. Their agreement was made before AAA rules were amended in 2000 to allow arbitrators to determine their own jurisdiction. The AAA rules in 1983 did not provide for that jurisdiction. Therefore, the AAA rules as they exist now cannot be said to reflect a "clear and unmistakable" agreement between the parties that the arbitrators in this matter had jurisdiction to determine the scope of the arbitrable issues included in offset for damages suffered b y the partnership. Their determination  they had such jurisdiction is entitled to no deference is not binding on this court.

### CONCLUSION

The arbitration clause limits the scope of arbitrable matters to the value of the Respondents' partnership interest. The arbitrators exceeded their powers when they determined they had the jurisdiction to determine the damages to offset against that value and then to determine those damages. For all these reasons, Respondents respectfully request that the Court deny Petitioners' Motion to Confirm Arbitration Award and grant Respondents' Cross-Motion to Correct Arbitration Award.

Dated: February 2, 2010

Respectfully submitted,

Aronowitz & Skidmore, Inc.
A Professional Corporation

By:  */s/Lawrence E. Skidmore*
_____
Lawrence E. Skidmore
Attorneys for Respondents Edward Mackay
and Dorian Mackay

N:\MACKAY\Hollister 1\Arbitration\Federal Court Pldgs\rspnts opp to motion to confirm v.3.doc
22
Respondents' Opposition to Motion to Confirm Arbitration Award & Cross-Motion to Correct Arbitration Award—
Case No. CV 09 4184 CW