IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANNON ASSOCIATES, LLC and
MJW/RAC, LP,

    Petitioners,

  v.

EDWARD MACKAY and DORIAN MACKAY,

    Respondents.

No. C 09-4184 CW

ORDER GRANTING PETITIONERS' MOTION TO CONFIRM ARBITRATION AWARD AND DENYING RESPONDENTS' CROSS-MOTION TO CORRECT (Docket Nos. 20 and 22)

Petitioners Shannon Associates, LLC and MJW/RAC, LP move to confirm an arbitration award entered against Respondents Edward and Dorian Mackay. The Mackays oppose the motion and cross-move to correct the arbitration award. Shannon and MJW/RAC oppose the Mackays' cross-motion. The motions were taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court GRANTS Shannon and MJW/RAC's Motion to Confirm and DENIES the Mackays' Cross-Motion to Correct.

BACKGROUND

In February, 2004, the Mackays, California residents, were removed from their positions as general partners of Hollister Investment Group I. Shannon, an Oregon limited liability company,

took the Mackays' place as general partner. Shannon and MJW/RAC, an Oregon limited partnership, sought to purchase the Mackays' partnership interest in Hollister. The controlling partnership agreement required arbitration if the parties disputed the purchase price.

The parties were unable to agree, and Shannon and MJW/RAC demanded arbitration. The Mackays filed suit in San Benito County Superior Court to enjoin the arbitration pending a determination on whether they had been lawfully removed. In July, 2006, the state court concluded that their removal was lawful.

In June, 2008, Shannon and MJW/RAC made their second demand for arbitration, seeking a determination of the fair market value of the Mackays' partnership interest and the amount of damage caused by their breach. When it became apparent that the three-member arbitration panel would consider the damages amount, the Mackays objected. They asserted that, under the partnership agreement, the arbitration panel lacked jurisdiction to hear the damages issue. Over the Mackays' objection, the panel considered Shannon and MJW/RAC's claim for damages.

On June 2, 2009, the panel made its decision, which was electronically delivered to the parties on June 4, 2009. The panel determined that the fair market value of the Mackays' interest was $267,000 and that their breach caused $260,000 in damage to the partnership. The panel also concluded that the Mackays owed Shannon and MJW/RAC $50,676.98 for the cost of arbitration and ordered interest payable from the date of the award at a rate of ten percent per year.

On September 10, 2009, Shannon and MJW/RAC filed a petition in

2

this Court to confirm the arbitration award pursuant to the Federal Arbitration Act (FAA). The same day, the Mackays filed a petition in San Francisco County Superior Court to correct the arbitration award. The Mackays asked the court to "strike the offset for damages and confirm the award as corrected." Respondents' Request for Judicial Notice (RJN),[1] Ex. A at 3. The Mackays served the petition to correct on Shannon and MJW/RAC by certified mail on September 10. Shannon and MJW/RAC removed the Mackays' petition to this Court, and the Mackays' petition was subsequently consolidated with the petition to confirm.

The Mackays moved to dismiss Shannon and MJW/RAC's petition to confirm. In addition, they asked the Court to remand their petition to correct or, in the alternative, to abstain. On December 8, 2009, the Court denied their motions, concluding that it had diversity jurisdiction over the petitions and that there was no reason for it to abstain.

DISCUSSION

Shannon and MJW/RAC argue that the Court need not consider the Mackays' request to correct the arbitration award because it was not timely served under the FAA. The Mackays respond that, under the California Arbitration Act (CAA), they timely served and filed their petition. The Court need not resolve this conflict because, even assuming the Mackays timely filed their petition, it nevertheless fails on the merits.

Federal "substantive law governs the question of

---

[1] The Court grants the Mackays' Request for Judicial Notice. The documents of which the Mackays seek judicial notice contain facts that are not subject to reasonable dispute. Fed. R. Evid. 201.

3

arbitrability."[2] Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999). Under the FAA, a federal court may modify or correct an arbitration award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). In addition, a court may also "modify and correct the award, so as to effect the intent thereof and promote justice between the parties." Id. § 11. Under § 11, a party can move to correct an award based on a challenge to an arbitrator's authority. See, e.g., In re Arbitration between Int'l B'hood of Elec. Workers AFL & CIO and its Local 1593 and Dakota Gasification Co., 362 F. Supp. 2d 1135, 1140-41 (D.N.D. 2005).

"The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983);

---

[2] The Mackays invoke California law in their argument supporting their petition to correct. They assert that, because this Court is sitting in diversity, the CAA applies. However, a court exercising diversity jurisdiction is not compelled to apply state arbitration law. See, e.g., Geographic Expeditions, Inc. v. Lhotka, 599 F.3d 1102 (9th Cir. 2010) (applying FAA in diversity action). The Mackays also contend that the partnership agreement's generic choice-of-law clause mandates application of the CAA. This argument is unavailing; such generic clauses do not control the choice of law concerning arbitrability. See, e.g., Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1131 (9th Cir. 2000). In any event, the CAA and the FAA are materially similar for the purposes of determining the scope of the arbitration provision. As the Mackays correctly note, the CAA mirrors the FAA's policy favoring arbitration. See Armendariz v. Found. Health Psychcare Svcs., Inc., 24 Cal. 4th 83, 97 (2000) ("California law, like federal law, favors enforcement of valid arbitration agreements.").

4

see also Simula 175 F.3d at 719; accord In re Tobacco Cases I, 124 Cal. App. 4th 1095, 1103 (2004). As "with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985); accord In re Tobacco Cases I, 124 Cal. App. 4th at 1104.

The Mackays assert that the award must be corrected because the panel decided the issue of damages, which they contend was outside the scope of arbitration as provided by the partnership agreement. Section 8.01 of the partnership agreement outlines the removal of a general partner and how the partnership interest of the removed partner may be acquired. The agreement provides:

> The Limited Partners, pro rata, or any successor General Partner proposed by them, shall have the option, but not the obligation, to acquire the interest in the Partnership of any General Partner so removed upon payment of the agreed or fair market value of such interest; provided that in such event the Limited Partners or any successor General Partner proposed by them shall deduct from such fair market value the amount necessary to offset the amount of any damages suffered by the Partnership as a result of any material breach of the obligations of such General Partner hereunder. <u>Any dispute as to the value of the interest of any removed General Partner shall be submitted</u> to a committee of three (3) MAI appraisers, one chosen by the General Partner being removed, one chosen by a majority interest of the Limited Partners or by the successor General Partner, as the case may be, and the third chosen by the two so chosen.

Wight Decl., Ex. A § 8.01(c) (emphasis added). The Mackays read "the value of the interest" to refer solely to the "fair market value" of the partnership interest being acquired. Thus, the Mackays assert, the amount of damages that they may have caused the partnership was not properly before the arbitration panel.

The Mackays take an overly narrow view of the arbitration

5

clause. Section 8.01(c) provides the only discussion in the partnership agreement on how the partnership interest of a removed general partner may be acquired. The party seeking to purchase the interest is instructed to pay an amount equal to an agreed-upon figure minus any damages suffered by the partnership. The agreement then broadly provides that any dispute regarding the value of the interest shall be arbitrated. Nowhere does the agreement suggest that the acquisition process would be bifurcated in the event that the parties dispute the amount of damage caused by a removed partner. A bifurcated process in which the fair market value of the interest would be arbitrated but the amount of damages would be litigated would be inefficient; this interpretation creates an absurd result, which the Court must avoid, particularly when the parties presumably intended to employ arbitration as an alternative means to resolve disputes. See, e.g., Kassbaum v. Steppenwolf Prods., Inc., 236 F.3d 487, 491 (9th Cir. 2000) (citing Cal. Civ. Code § 1638); ASP Props. Group v. Fard, Inc., 133 Cal. App. 4th 1257, 1269 (2005) (citation omitted). The Mackays point to no provision in the agreement that supports their interpretation that the parties intended such a cumbersome process.

The Mackays cite Parker v. Twentieth Century Fox, 118 Cal. App. 3d 895 (1981), to support their narrow interpretation of the provision. There, the state appellate court addressed a joint venture agreement, which provided:

> In case any controversy shall arise between the parties hereto as to any action by Fox with respect to the receipts and proceeds from the distribution of the series or the expenses pertaining thereto, the questions in controversy shall be submitted for determination to

```
               certified public accountants in the City of Los
               Angeles . . . .
```

Id. at 899. Fox, the party seeking arbitration, maintained that this clause provided for a "'super-audit'" by the accountants, which would encompass the eleven causes of action alleged in the plaintiffs' complaint, including "usury, declaratory relief, fraud, fraud in the inducement, breach of contract, rescission, dissolution and winding up . . . ." Id. at 905. The trial court denied the petition to compel arbitration because some of these causes of action involved third parties, who were not subject to arbitration, or constituted grounds for revocation of the entire joint venture agreement. Id. at 901-02. The appellate court affirmed in part: while an accounting of the receipts and proceeds could proceed before the accountants, the balance of the causes of action, particularly that of "winding up," required court supervision. Id. at 905 and n.6.

Here, Shannon and MJW/RAC submitted the damages issue to arbitration, which under the partnership agreement is a component of the calculation used to determine how much they were required to pay the Mackays. Unlike Fox in Parker, Shannon and MJW/RAC did not seek an expansive interpretation of the arbitration clause. Nor did they request the arbitration of causes of action against third parties or relief that required intervention by a court of law. Parker is inapposite.

Giving the arbitration provision a generous construction and avoiding absurdity, the Court interprets "any dispute" to encompass disagreements over the amount of damages suffered by the partnership. Thus, the damages question was properly submitted to

7

the arbitration panel.  The Court accordingly denies the Mackays'
request to correct the arbitration award and confirms the award as
entered.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Shannon and MJW/RAC's Motion to Confirm (Docket No. 20) and DENIES the Mackays' Cross-Motion to Correct (Docket No. 22).  Judgment shall enter against the Mackays' in accordance with the arbitration panel's award.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 2, 2010

CLAUDIA WILKEN
United States District Judge